**VULCAN CORP v WESTHEIMER & CO et**

Ohio Appeals, 4th Dist, Scioto Co

Decided Dec 21, 1938

Miller, Searl & Fitch, Portsmouth, for plaintiff.

Gallagher, Dorr & Manly, Cincinnati, for defendant Olberding.

## OPINION

By GILLEN, J.

Plaintiff corporation was organized under the laws of the State of Ohio on the 26th day of June, 1928. Defendant, A. G. Olberding, acquired forty-four shares of preferred stock of said corporation on the 2nd day of August, 1928. On May 18, 1938, a special meeting of the stockholders of said corporation was held at the office of the corporation at Portsmouth, Ohio, of which meeting defendant, A. G. Olberding received due notice. At said meeting a resolution was adopted by vote of the holders of more than two-thirds of the shares of each class of shares outstanding authorizing plaintiff to carry into effect a certain plan of recapitalization dated February 14, 1938, contemplating among other things the adjustment of the dividends on the preferred stock, the change in terms, the reclassification of and reduction in number of the authorized preferred shares, the increase in outstanding preferred shares, the change of its authorized issued and unissued no par value common stock into shares of common stock having a par value of $1.00 per share, the reduction of the 6%

serial mortgage bonds series B to an amount not exceeding $304,900.00, the amendment of the indenture of mortgage securing said bonds to effect the extension of the due date of the bonds from April 15, 1939, to April 15, 1943, the modification of the redemption provisions for the redemption of said bonds, the cancellation and termination of the dividend restrictive provisions contained in said indenture of mortgage, the providing for a sinking fund to be applied by the trustee under said indenture of mortgage to the purchase and redemption of said bonds and the amendment of the articles of incorporation of said corporation to carry into effect said plan of recapitalization. Defendant Olberding did not vote in favor of the plan of recapitalization and did not assent thereto. Within twenty days after receiving notice of the proposed plan he wrote plaintiff as follows:

"I have been the owner of forty-four (44) shares of your preferred stock since August, 1928, having purchased same from J. R. Edwards & Co., Cincinnati. This stock, as I understand it, is in default of dividends in the amount of $57.00 per share as of January 1, 1938, which dividends, according to the stock certificate, are payable in full before any dividend can be declared on the common stock.

According to the plan of recapitalization of the Vulcan Corp. you are asking that I exchange the present certificate, which bears interest at the rate of 6% cumulative for two certificates, one for 44 shares of a 4½% cumulative preferred and one for 22 shares of a 3% convertible preferred, and I am to receive $1.00 per share in cash when making the transfer. In other words in place of my one certificate bearing 6% dividends I am to receive two certificates bearing a total of 5% dividends and am to waive the accumulated dividends, now amounting to nearly $60.00 per share or $2,640.00, certainly no justice to the old preferred stockholders, and I hereby notify you that it is my desire to retain the old preferred stock.

Please acknowledge receipt."

Plaintiff's petition asks that defendant be required to set up any right or claim he might have against the plaintiff or objection to the adoption and consummation of the plan of recapitalization or be barred from asserting the same and that he be decreed to have no right or claim against plaintiff and to be concluded by vote of the assenting stockholders in the adoption

696

and consummation of the plan of recapitalization.

Defendant filed an answer setting forth the contract as evidenced by his certificate of stock and asked that he be decreed to have a vested right in said stock under the terms of the contract set out in said certificate and also a vested right in the cumulated dividends provided for in said certificate of stock.

The cause was submitted to the trial court on the petition of plaintiff, answer of defendant, the demurrer to the answer and stipulations of counsel resulting in a judgment in favor of plaintiff. From that judgment defendant perfected his appeal on questions of law and fact.

There is no claim of fraud or illegality concerning the plan of recapitalization nor is any claim made that the proposal was not for the best interests of the corporation. Defendant claims that he has a vested right in the cumulated dividends and stock by virtue of his contract as evidenced by the certificate of stock and bases his claim entirely upon that issue. Defendant did not demand the cash value of his stock at the time he notified plaintiff of his unwillingness to consent to the plan of recapitalization and when given an opportunity during the progress of the trial to amend his notice of dissent and include therein a demand for the fair cash value of his stock declined the offer.

The sole question presented for determination, therefore, is whether defendant has such vested right as claimed by him irrespective of the action taken by more than two-thirds of the shareholders. The contractual rights of a shareholder are to be determined not only from the printed matter appearing on the certificate of stock but also from the articles of incorporation and the statutes in effect at the time. When plaintiff was incorporated and defendant acquired his shares of stock the new corporation Code of Ohio was in full force and effect, the effective date of said Code being June 10, 1927. By the enactment of §§8623-14 and 8623-15, GC, within the limits therein prescribed, the Legislature granted shareholders of corporations broad power to effect a reorganization and adopt a plan of recapitalization. The Legislature sought to protect the rights of dissenting minority stockholders against any new plan of recapitalization by the enactment of §8623-72, GC. This subject has been discussed and determined in the case of Williams v Pump Corp., 46 Oh Ap 427, the syllabus of which reads as follows:

"1. Statutes authorizing corporation to amend articles by less than unanimous vote of stockholders, and providing for compensation of dissenting stockholders, were part of stockholders' contract and authorized majority of stockholders to amend articles changing preferred stock to common. (§§8623-14, 8623-15 and 8623-72, GC).

"2. Dissenting stockholder seeking to specifically enforce preference provision in stock held not entitled to such relief, where his preferred stock was changed to common by majority vote of stockholders, since statutory remedy was exclusive. (§§8623-14, 8623-15 and 8623-72, GC).

"3. Statutes providing for amendment of corporate articles and for compensation of dissenting stockholders held constitutional. (§8623-14, 8623-15 and 8623-72, GC)."

The fact that the accumulated dividends of the defendant's stock had not been paid does not alter the situation so as to give defendant additional rights. Dividends on the preferred stock were never declared by the corporation. The fair market value of defendant's stock one day before the adoption of the plan of recapitalization necessarily included the value of the stock with the accumulated dividends. §8623-72, GC, provided the method by which this value could have been determined and gave defendant the right to have payment of that value in cash. Apparently he was unwilling to accept the fair cash value of his stock and desired to continue holding his shares in their original form. If he should be permitted to exercise such right the purpose and effect of §§8623-14 and 8623-15, GC, would be defeated. However, the statutes do not give a dissenting minority stockholder such power. When defendant acquired his stock the statutes referred to above were in full force and effect and formed a part of the contract between plaintiff and defendant as evidenced by the certificates of stock. In the absence of fraud or illegality on the part of plaintiff in adopting the plan of recapitalization the relief provided in §8623-72, GC, for a dissenting minority stockholder is exclusive. Defendant, not having availed himself of the relief therein provided, is concluded by the vote of two-thirds or more of the as-

senting shareholders. We have carefully examined the case of **Johnson v Lamprecht, 133 Oh St 567**, referred to by defendant but are unable to apply the principles of law therein set forth to the case at bar In the same manner that counsel have sought to do. In that case the contractual rights of the stockholder were fixed by the statutes in effect prior to the enactment of §8623-72, GC. Even under such circumstances the law stated in the third syllabus of that case is broad enough to dispose of the case at bar. We quote that syllabus as follows:

"When there is a change in the terms and conditions of stock by reason of an amendment to the articles of incorporation, dissenting shareholders have a remedy under the provisions of §8623-72, GC. If fraud or illegality is found in the enactment of the amendment, the remedy under that section is not exclusive."

It is the judgment of this court that the demurrer to defendant's answer and cross petition be sustained and that plaintiff be granted the relief prayed for. It is the further order of this court that defendant Olberding not having made demand for payment of the cash value of his stock, be concluded by the action of two-thirds or more of the shareholders assenting to the plan of recapitalization and that his rights in the premises be adjudged to be the same as those of other assenting shareholders.

Decree for plaintiff.

McCURDY, PJ, and BLOSSER, J, concur.